IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN F. MARTINEZ | § | |
| | § | |
| VS. | § | Case No. 7:14-cv-00716 |
| | § | |
| WHATABURGER RESTAURANTS, LLC | § | |

## NOTICE OF REMOVAL

Defendant Whataburger Restaurants, LLC ("Defendant") files this Notice of Removal and, in support thereof, respectfully states:

### I.   FACTUAL BACKGROUND

Plaintiff Juan F. Martinez ("Plaintiff") filed the lawsuit styled *Juan F. Martinez v. Whataburger Restaurants, LLC*[1], Cause No. DC-13-420 in the 229th Judicial District Court of Starr County, Texas (the "State Court Lawsuit") on May 30, 2013, asserting a premises liability claim against Defendant based on a fall that occurred on Defendant's property. On July 11, 2014, Plaintiff testified via deposition, whereby he first asserted details regarding his claim of Defendant's noncompliance with federal laws, rules and regulations regarding the accessibility of Defendant's premises by a customer utilizing a wheelchair. True and correct copies of excerpts from Plaintiff's oral deposition are attached to this Notice and incorporated as Exhibit "A." Plaintiff had previously been asked in written discovery to admit his claims arose under federal statutes, but Plaintiff's answers to interrogatories refused to admit or deny his claims arose under federal law. A true and correct copy of Plaintiff's answers to Defendant's Second Set of Interrogatories is attached to this Notice and incorporated as Exhibit "B." By so testifying in his deposition, Plaintiff, for the first time, provided notice that he was raising a claim under

---

[1] Via an August 1, 2013 agreement between the parties per Tex. R. Civ. P. 11, Plaintiff amended his petition to delete Whataburger Franchise, LLC and add Whataburger Restaurants LLC as the correct entity sued in the suit.

the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.* Defendants received the written transcript of Plaintiff's oral deposition on July 22, 2014; this Notice of Removal followed.

## II.     GROUNDS FOR REMOVAL

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has raised federal questions by asserting claims under the Americans with Disabilities Act of 1990 and any subsequent amendments thereto. In discovery, Defendant requested Plaintiff clarify whether he was raising a claim under the Americans with Disabilities Act; Defendant refused to answer these requests directly, stating only that he would supplement his answer. Ex. B. In his deposition, Plaintiff admitted that his lawsuit was not solely to recover damages but to ensure that no other customer utilizing a wheelchair at this restaurant would encounter the same issues and get hurt as he allegedly did. Ex. A., 106:21-25; 107:20-25; 108:1. Plaintiff stated that his claim would encompass the Defendant's compliance with federal laws, rules and regulations regarding accessibility for customers in a wheelchair. Ex. A., 55:9-11. Plaintiff acknowledged that his suit involves allegations that the sidewalk and entrance to Defendant's restaurant, as constructed, is not wide enough for a customer utilizing a wheelchair, thus violating the Americans with Disabilities Act. Ex. A., 54:1-25; 55:1-17; 57:15-24; 75:5-11. These statements clearly indicate and evidence what Plaintiff refused to admit in discovery: that Plaintiff is raising a claim of Defendant's alleged noncompliance with the Americans with Disabilities Act. A plaintiff cannot frame its suit under state law and omit federal claims that are essential to recovery; the court may find that a plaintiff's claim arises under federal law even if the plaintiff has not characterized it as a federal claim. *Burda v. M. Ecker Co*., 954 F.2d 434, 438 (7th Cir. 1992); *see also Karamebelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir.

1993). Because this claim must be resolved pursuant to the applicable federal statutes, a federal question has been raised which confers original jurisdiction upon this Court.  28 U.S.C. § 1331.  Consequently, Defendant is entitled to remove this case from state court.  28 U.S.C. § 1441(a).

### III.   TIMELINESS OF REMOVAL

This lawsuit is timely removed pursuant to 28 U.S.C. § 1446(b) within thirty (30) days of July 22, 2014, the date the transcript of the deposition testimony of Plaintiff was received by Defendant.  28 U.S.C. § 1446(b); *Caterpillar Inc. v. Lewis*, 591 U.S. 61, 68-69 (1996); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).  As set forth above, the deposition testimony of Mr. Martinez allowed Defendant to ascertain for the first time that Plaintiff indeed is bringing a claim under the Americans with Disabilities Act of 1990 and its amendments, based on the allegations that Defendant's restaurant is not compliant with federal accessibility requirements.  Defendant requested Plaintiff clarify his claims as to whether he was alleging a claim under the Americans with Disabilities Act, yet Plaintiff never provided a definite answer to the interrogatory, only the statement that he would supplement the answer. See Ex. B, p. 3.  Such supplementation was not made prior to Plaintiff's deposition.  As such, the first time Defendant was able to fairly and reasonably determine with any certainty that Plaintiff was raising a claim under the Americans with Disabilities Act was through his testimony at deposition.  See Ex. A.

### IV.   JURY DEMAND

Plaintiff did not demand a jury in the State Court Lawsuit.

### V.   VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the State Court Lawsuit has been pending is located in this district.

## VI.   STATE COURT PLEADINGS

In accordance with Southern District of Texas Local Rule 81, attached hereto behind tabs (C) – (E) are the following:

(C)   a copy of the docket sheet;

(D)   an index of all matters being filed including a copy of all executed processes in the case; a copy of each pleading asserting a cause of action and all answers thereto; a copy of each order signed by the state court judge;

(E)   a list of all counsel of record, including addresses, telephone numbers, and parties represented.

## VII.   REQUEST FOR RELIEF

WHEREFORE Defendant Whataburger Restaurants, LLC respectfully requests that this Court assume full jurisdiction of this cause in accordance with 28 U.S.C. § 1331 and that further proceedings in the 299th Judicial District Court for Starr County, Texas be stayed.  In addition, Defendant respectfully requests that this Court grant it any other or further relief to which it may be legally or equitably entitled.

Respectfully submitted,

By: */s/ Court D. Smith*
    Court D. Smith, Attorney-in-charge
    State Bar No. 13569850
    Federal ID No. 430300
    Raymond T. Fischer
    State Bar No. 24038446
    Federal ID No. 1092429

    CROUCH & RAMEY LLP
    2001 Ross Avenue, Suite 4400
    Dallas, Texas 75201
    Telephone: (214) 922-7100
    Facsimile: (214) 922-7101
    Email: csmith@crouchfirm.com
    Email: rfischer@crouchfirm.com

**ATTORNEYS FOR DEFENDANT WHATABURGER RESTAURANTS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Whataburger Restaurants, LLC's Notice of Removal has been forwarded to counsel of record for plaintiff at the address below via facsimile and Certified Mail, Return Receipt Requested, on this 7th day of August, 2014.

Shireé D. Salinas
LAW OFFICE OF SHIREÉ D. SALINAS, PLLC
4900 North 10th Street
North Towne Centre, Suite A-4
McAllen, Texas 78504

                                              */s/ Court D. Smith*
                                              Court D. Smith