CAUSE NO. <u>DC-13-420</u>

| | | |
|---|---|---|
| JUAN F. MARTINEZ | § | IN THE 229TH |
| | § | |
| V. | § | JUDICIAL DISTRICT COURT |
| | § | |
| WHATABURGER RESTAURANTS, LLC | § | STARR COUNTY, TEXAS |

**PLAINTIFF JUAN F. MARTINEZ' OBJECTIONS/ANSWERS TO DEFENDANT WHATABURGER RESTAURANTS, LLC'S SECOND SET OF INTERROGATORIES**

TO: Defendant **WHATABURGER RESTAURANTS, LLC** by and through the attorney of record,

Court D. Smith
**CROUCH & RAMEY, L.L.P.**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
214-922-7100 – Telephone
214-922-7101 – Facsimile

COMES NOW, JUAN F. MARTINEZ, Plaintiff in the above styled and numbered cause and makes and files these Objections/Answers to Defendant WHATABURGER RESTAURANTS, LLC's Second Set of Interrogatories.

Respectfully submitted,

**LAW OFFICE OF SHIREÉ D. SALINAS, PLLC**
713 East Esperanza, Suite B
McAllen, Texas 78501
Telephone: 956/631-9112
Facsimile: 956/630-9472
E-Mail: ssalinas@ssalinaslaw.com

_____
SHIREÉ D. SALINAS
State Bar No. 17537000

1

*Plaintiff's Objections/Answers to*
*Defendant's 2nd Interrogatories*

**EXHIBIT B**

*Counsel For Plaintiff Juan F. Martinez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to the following counsel pursuant to the Texas Rules of Civil Procedure on the **1ˢᵗ** day of **October**, 20**13**.

Court D. Smith                 *VIA CM RRR 7006 2760 0003 6156 9798*
**CROUCH & RAMEY, L.L.P.**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
214-922-7100 – Telephone
214-922-7101 – Facsimile
*Counsel for Defendant*
*Whataburger Franchise, LLC*

_____
SHIREÉ D. SALINAS

2

*Plaintiff's Objections/Answers to*
*Defendant's 2ⁿᵈ Interrogatories*

## Statement and Objections Applicable To Instructions and Definitions

This Set of Interrogatories contains Instructions and "Definitions" which are objectionable and attempt to impose obligations and require procedures that exceed the Texas Rules of Civil Procedure and make answering the interrogatories in the manner required by the Defendant unduly and overly burdensome, expensive and unfair.

Additionally, Plaintiff objects to these instructions in that a full answer would result in waiver of privileges such as the attorney work product privilege, consulting expert's privilege; various privileges associated with privileged communications in anticipation of and furtherance of litigation, and the privilege of retaining confidential one's trial strategy.

## INTERROGATORIES

**INTERROGATORY NO. 18:** Please describe the exact condition of the sidewalk or door that caused your fall and include reference to any deviation from acceptable building standards, codes, ordinances, or state or federal law.

**ANSWER:**
Plaintiff objects as a request for written discovery may not be used to require the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Moreover, Plaintiff objects to this request to the extent that it seeks, in any way, to limit evidence or testimony regarding liability and/or damage information yielded by further discovery.

Plaintiff has not yet made a determination regarding who will be designated as testifying experts. Plaintiff reserves the right to supplement in accordance with the Texas Rules of Civil Procedure and/or any current scheduling order or agreement of the parties regarding same.

**INTERROGATORY NO. 19:** Do you assert that Whataburger's restaurant premises did not provide you, as a disabled person, an accessible means of exiting the restaurant due to the physical dimensions of the property? If so, describe how these dimensions differed from acceptable building standards, codes, ordinances, or state or federal law.

**ANSWER:**
Plaintiff objects as a request for written discovery may not be used to require the responding party to marshal all of its available proof or the proof the party intends to offer at trial. Moreover, Plaintiff objects to this request to the extent that it seeks, in any way, to limit evidence or testimony regarding liability and/or damage information yielded by further discovery.

Plaintiff has not yet made a determination regarding who will be designated as testifying experts. Plaintiff reserves the right to supplement in accordance with the Texas Rules of Civil Procedure and/or any current scheduling order or agreement of the parties regarding same.